IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

NICHOLAS HAMER,

Plaintiff,

vs.

SCHWAN'S HOME SERVICES, INC.,

Defendant.

8:18-CV-581

MEMORANDUM AND ORDER

This matter is before the Court on the defendant's motion to dismiss (filing 7), asking the Court to dismiss the case because the plaintiff failed to serve process within 90 days of filing the complaint. *See* filing 8.

Fed. R. Civ. P. 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." The complaint in this case (filing 1) was filed on December 19, 2018—but summons was not issued, and no return of service or waiver of service has been filed. And the brief supporting the motion to dismiss represents that the defendant has not been served. Filing 8 at 4.

The plaintiff has not responded to the motion to dismiss—or, for that matter, filed anything of any kind since filing the complaint. And while failure to file an opposing brief is not considered a confession of the motion, it does preclude the opposing party from contesting the moving party's statement of facts. NECivR 7.1(b)(1)(C). Accordingly, the record establishes beyond dispute the plaintiff's failure to timely serve process.

If the Court concludes that there is good cause for a plaintiff's failure to timely serve process, it shall extend the time for service. *Kurka v. Iowa Cty., Iowa,* 628 F.3d 953, 957 (8th Cir. 2010). If good cause is not shown, the Court still *may* extend the time for service rather than dismiss the case—but, to warrant a discretionary extension, the plaintiff must still establish excusable neglect. *Id.* Of course, in this case, the plaintiff has made no showing of any kind. Accordingly, the Court will dismiss the complaint without prejudice pursuant to Rule 4(m) for failure to serve process, and pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute the action. *See Braxton v. Bi-State Dev. Agency,* 728 F.2d 1105, 1107 (8th Cir. 1984).

IT IS ORDERED:

1. The defendant's motion to dismiss (filing 7) is granted.

2. The plaintiff's complaint is dismissed without prejudice.

3. A separate judgment will be entered.

Dated this 8th day of May, 2019.

BY THE COURT:

John M. Gerrard
Chief United States District Judge